## ARMBRUST v ROELLER

Ohio Appeals, 1st Dist, Hamilton Co

No 4967. Decided Jan 27, 1936

Bert H. Long, Cincinnati, and M. M. Bloom, Cincinnati, for plaintiff in error.

August A. Rendigs, Jr., Cincinnati, and Wm. H. Fry, Cincinnati, for defendant in error.

## OPINION

**PER CURIAM**

Upon a review of the entire record, we find no error, prejudicial to the plaintiff in error, requiring a reversal of the judgment of the Court of Common Pleas.

However, among the assignments of error is a criticism of special charge No. 6, requested by defendant in the trial court and given by the court. This charge is as follows:

"I charge you that where one without fault of his own, is placed in a position of great mental stress or sudden emergency, the same degree of judgment and care is not required of him as is required of one who is acting under normal conditions. The test to be applied is whether or not the person in such a position of great mental stress or sudden emergency did, or attempted to do what a reasonably prudent person would have done under the same or similar circumstances.

"If, therefore, you find from the evidence in this case that the defendant without fault of his own, was placed in a position of great mental stress or sudden emergency, and that while in such position he did or attempted to do what any reasonably prudent person would have done under the same or similar circumstances, then he was not negligent."

It has been brought to our attention that this identical charge was approved in **Woodward v Gray, 46 Oh Ap, 177, at page 180.** This court's comment of that charge was as follows:

"It is our opinion that this charge is applicable to the facts in this case, that it was not misleading, and states a correct principle of law. The correct test is applied as to whether the defendant in error did what a reasonably prudent person would have done 'under the same or similar circumstances'."

We have reached the same conclusion in the instant case. However, it will be noted that the charge does not state the rule of law as stated in **Pennsylvania Rd. Co. v Snyder, 55 Oh St, 342.** In this paragraph of the syllabus it is stated that where a person without his fault is placed in a situation of danger, he is not to be held to the exercise of the same care that prudent persons would exercise where no danger is present. The court on page 364 of the opinion say:

"The question in such case is not what a careful person would do under ordinary circumstances, but what would he be likely to do, or might reasonably be expected to do in the presence of the existing peril; and is one of fact for the jury."

Objection to the charge as given is that the jury is told that the same degree of judgment and care is not required. The fact of the matter is that the same degree of care is required, to-wit: what a reasonably prudent person would do under similar circumstances both under normal conditions or an emergency.

We are unable to say that the entire charge as given in the instant case fails to state a correct principle of law. Such was our conclusion in Woodward v Gray, supra. However, it is our opinion that the charge contains a statement—as noted—which in the interest of clarity, should be omitted.

We trust that in the future the charge which otherwise states the rule of law will be modified to conform to the principle of law involved.

The judgment is affirmed.

ROSS, PJ, MATTHEWS and HAMILTON, JJ, concur.